UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 MAR -1  A 11: 40

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

MARY ELLEN SANDS        :
                        :   Civil No. 3:04cv13(AHN)
                        :   Crim. No. 3:02cr153(AHN)
v.                      :
                        :
                        :   FEBRUARY 28, 2005
UNITED STATES OF AMERICA :

**GOVERNMENT'S RESPONSE TO PETITIONER'S AMENDMENT TO
28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE
OR CORRECT THE SENTENCE**

## I. Introduction and Background

On January 6, 2004, the petitioner filed a motion to vacate, correct or set aside the sentence she received on January 10, 2003. The petitioner asserted that she received ineffective assistance of counsel when: (1) her attorney, Christopher J. McCarthy, did not explain why the Government would not be filing a §5K1.1 motion; (2) Attorney McCarthy did not "approach the situation on why [the] [G]uidelines was stipulated wrong before sentencing"; and (3) the Government and/or the Court erred in the Guidelines calculation.

By response dated April 27, 2004, the Government opposed the petitioner's motion. The Government argued that, first, the petitioner waived her rights to collaterally attack her conviction and sentence, and, second, even if the Court reached the merits of her motion, the petitioner's claim did not establish either that Attorney McCarthy's advice constituted

ineffective assistance of counsel or that she suffered prejudice.

On July 28, 2004, the petitioner filed an Addendum to her motion in which she advanced an additional argument in support of her motion.  The petitioner argued that the sentencing enhancements applied by the court deprived her of her federal constitutional rights as articulated in Blakely v. Washington, 124 S.Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000).  In particular, the petitioner maintained that she should not have received a two level enhancement for the infliction of serious bodily injury on the victim - although she conceded in her initial motion that this enhancement may be warranted - or a four level enhancement for the commission of another offense during the course of the kidnaping, in this case attempted murder or assault with the intent to commit murder.  The application of these enhancements by the district court, according to the petitioner, violated her Sixth Amendment right as more particularly defined in the Supreme Court's recent decision in Blakely.

By response dated August 20, 2004, the Government opposed the petitioner's argument on several grounds.  First, the Government argued that Blakely had not been applied to the Federal Sentencing Guidelines.  Since the filing of the Government's response, the Supreme Court has determined that a defendant's Sixth Amendment rights are affected by the mandatory

application of the federal sentencing guidelines, and therefore held the guidelines are advisory. United States v. Booker, 125 S.Ct. 738 (2005).

Second, the Government argued that Blakely does not apply retroactively under the rule as set forth in Justice O'Connor's plurality opinion in Teague v. Lane, 489 U.S. 288, 303 (1989) ("new rules should always be applied retroactively to cases on direct review, but that generally they should not be applied retroactively to criminal cases on collateral review.")

By amendment dated February 10, 2005, the petitioner served on the Government another addendum to her motion to vacate, set aside or correct her sentence (hereinafter "Addendum II"). In Addendum II, the petitioner requests that as a result of the Supreme Courts recent rulings in United States v. Booker and United States v. FanFan, the addendum be made a part of her original §2255 petition. The petitioner also "reaffirms" her claim that her counsel was ineffective "for failing to challenge Court's failure to submit the [various] enhancements . . . to the jury." Pet. Br., p. 2.

The petitioner devotes much of her brief on the argument that the district court must re-sentence her under the "corrected" guidelines range, rather than exercising its discretion under the now advisory sentencing guidelines. Id. at 3. Fearing the court may sentence her to the same term of

imprisonment, the petitioner argues that a violation of the *ex post facto* clause will occur, if the court applies any enhancement not determined by a jury's verdict or admitted by plea. Id. If the court sentences her to a higher range, the petitioner submits, the increased punishment will violate the *ex post facto* clause. Id. It is not evident from Addendum II what petitioner is claiming because she does not specify the "corrected" guidelines range. It may be that petitioner is arguing that only her calculation of the guideline range is correct and that any attempt by the court to infuse its discretion and impose a harsher sentence would violate her constitutional rights. Regardless of her intention, the petitioner's concern is immaterial as, for the reasons set forth herein, she is not entitled to new sentencing hearing, or a sentence reduction.

First, as outlined in the Government's response to petitioner's original motion, she has waived her right to collaterally attack her sentence, and Booker does not provide a new mechanism to nullify the waiver. Second, Booker does not apply retroactively to cases like petitioner's which were final before Booker was decided. Third, the petitioner has stipulated and admitted to the conduct which supports her sentence thereby eliminating any Sixth Amendment claim arising under Booker.

4

II. **Discussion**

   A. **Booker Does Not Provide A Basis to Nullify Petitioner's Appellate Waiver.**

As more fully outlined in the Government's first response to petitioner's motion, a waiver of the right either to directly appeal or collaterally attack a sentence within an agreed-upon Sentencing Guideline range generally is enforceable. See e.g., Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001)(upholding effectiveness of waiver of right to attack conviction pursuant to section 2255 petition); United States v. Garcia, 166 F.3d 519, 521 (2d Cir. 1999)(upholding effectiveness of waiver of right to appeal sentence); see also Gov't Br., pp. 4-7 (doc. 54). While appellate waivers are not absolute in scope, the circumstances under which courts will decline to enforce a waiver are limited. See United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000) ("These exceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence.")

The recognized exceptions - which are set forth in the Government's initial brief - do not, however, encompass the Sixth Amendment challenge advanced by the petitioner. In fact, the Second Circuit specifically rejected an Apprendi argument, which is similar to petitioner's claim, as a valid basis to challenge an appellate waiver. United States v. Morgan, 386 F.3d 376, 380 (2d Cir. 2004) ("we find that the waiver provision forecloses

5

[defendant's] right to appeal on [Apprendi] ground."), cert. denied, 2005 WL 406948 (Feb. 22, 2005); see also United States v. Fleischer, No. 04-3911, 2005 WL 272113 *2 (S.D.N.Y. Feb. 3, 2005)(appeal on grounds that appellate waiver invalid as a result of Booker rejected on the basis of Morgan).

In Morgan, which was decided after Blakely, but before Booker, the defendant challenged his sentence because the indictment did not include a specific amount of marijuana that he was alleged to have distributed and therefore his sentence could not have been enhanced beyond the "default" statutory maximum. Morgan, at 380. The plea agreement similarly failed to specify the amount of marijuana, but did indicate the minimum and maximum terms of imprisonment, and the base offense level for an offense involving at least 700kg but less than 1000kg of marijuana. Id. at 377-78. A guideline stipulation of 97 to 121 months was also included in the plea agreement. Id. at 378. The plea agreement also contained an appellate waiver whereby the defendant waived his right to appeal or challenge his sentence unless the sentence imposed exceeded 121 months. The court agreed with and accepted the guideline calculation and sentenced Morgan to 97 months in prison. Id.

In rejecting Morgan's challenge, the Second Circuit reaffirmed the established rule that "in no circumstance . . . may a defendant, who has secured the benefits of a plea agreement

6

and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." Id., quoting United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993). In fact, the Second Circuit reaffirmed its previous holdings that upheld waivers even when the "sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement." Morgan, at 381, quoting United States v. Gomez-Perez, 215 F.3d 315, 319 (2d. Cir. 2000). In no way does the Government concede an illegality with the petitioner's sentence, but even if there was a credible claim of such, the waiver should still be enforced because the petitioner's sentence was in the range contemplated by the plea agreement.

More recently, courts from the Eighth and Eleventh Circuits have specifically rejected Booker as a means to invalidate an otherwise valid appellate waiver. In United States v. Rubbo, the Eleventh Circuit held that appeals based on Apprendi and Booker can be waived in a plea agreement and that "broad waiver language covers those grounds of appeal." No. 04-10874, 2005 WL 120507 *5 (11th Cir. Jan. 21, 2005); see also United States v. Grinard-Henry, No. 03-12677, 2005 WL 327265 *2 (M.D. Fla. Feb. 11, 2005)(same). Similarly, in United States v. Killgo, the Eighth

7

Circuit concluded that defendant's failure to anticipate the <u>Blakely</u> or <u>Booker</u> rulings did "not place the issue outside the scope of his waiver." No. 03-3407, 2005 WL 292503 *3 n.2 (8th Cir. Feb. 9, 2005).

In the present case, the petitioner specifically waived her appeal rights and her right to collaterally attack her sentence under §2255 so long as the court did not sentence her to more than 168 months. The petitioner was specifically queried about the rights she was relinquishing and on two occasions she specifically acknowledged that she was waiving her rights to appeal and collaterally challenge her sentence provided it did not exceed 168 months. Tr. of 10/7/02, p. 10. Contrary to the petitioner's suggestion, <u>Booker</u> does not create an independent basis to attack her sentence. In fact, the petitioner offers no explanation as to how <u>Booker</u> applies to her situation and why it affords her the relief she seeks. Her waiver was specific as to a sentencing range and the plea agreement incorporated a stipulation to facts and enhancements which supported her sentence. Accordingly, there is no cognizable basis to nullify the waiver and permit a collateral challenge to petitioner's sentence.

**B.   Booker Does Not Apply Retroactively To Cases Not On Direct Review.**

On January 12, 2005, the United States Supreme Court, in <u>Booker</u>, extended the holding of <u>Blakely v. Washington</u> to the

8

United States Sentencing Guidelines, the effect of which was to render the guidelines advisory, rather than mandatory. The Government respectfully submits that the principle adopted in Booker, like the principle adopted in Blakely, constitutes a "new constitutional rule of criminal procedure" which, under Teague v. Lane, 489 U.S. 288 (1989), is not retroactively applicable to cases (like the petitioner's) that became final before the decision was announced. In its response to the petitioner's first addendum, the Government discussed its position on whether Blakely applies retroactively. The Government argued that Blakely did not. For the same reasons outlined in its previous response, the Government submits that Booker also does not apply retroactively to cases not already on direct appeal. See doc. 58, pp. 17-25. District and appellate opinions released after Booker support the Government's position on this issue.

For example, in McReynolds v. United States, 2005 WL 237642 (7th Cir. Feb. 2, 2005), the Seventh Circuit held that "Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. . . . Booker itself represents the establishment of a new rule about the federal system. Petitioners' convictions and sentences became final well before Booker was issued, and its approach therefore does not govern these collateral proceedings." Id. at *5; see Warren v. United States, 2005 WL 165385, at *9-10 (D. Conn. Jan. 25, 2005)

9

(Thompson, J.) (Apprendi, Blakely and Booker do not "afford[] relief" to the petitioner on collateral attack); see also, e.g., United States v. Russell, 2005 WL 281183 (E.D. Pa. Feb. 3, 2005)(Booker not retroactive); Tuttamore v. United States, 2005 WL 234368 (N.D. Ohio Feb. 1, 2005) ("To the extent that petitioner relies on Booker, he cannot so prevail, because the decision in Booker is not retroactive for purposes of § 2255 collateral attacks."); Gerrish v. United States, 2005 WL 159642 (D. Me. Jan. 25, 2005)(same); cf. Green v. United States, 2005 WL 237204 (2d Cir. Feb. 2, 2005)(motion to file second or successive application on the basis of Booker denied since Supreme Court has not explicitly made Booker or Blakely retroactive on collateral attack); In re Anderson, 2005 WL 123923 (11th Cir. Jan 21, 2005) ("because Booker, like Blakely and Ring, is based on an extension of Apprendi, defendant cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review."); Hamlin v. United States, 2005 WL 102959 (D. Me. Jan. 19, 2005)(same)(recommended ruling), adopted 2005 WL 189731 (D. Me. Jan. 24, 2005).

Moreover, while not directly addressing the retroactivity of its extension of Blakely to the Sentencing Guidelines and its holding that those Guidelines would be advisory, Booker specifically stated that its holding on the merits and the remedy of the Sixth Amendment claim was to apply "to all cases on direct

10

review." 125 S.Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987): "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past.").[1]

The Government respectfully submits that the Court should follow the Seventh Circuit's reasoning in McReynolds and of the other courts which, to date, have found Booker unavailable on collateral attack.

### C. The Petitioner's Stipulation Of Facts Justified The Application Of Sentencing Enhancements.

As set for in the Government's initial response to the petitioner's motion, she stipulated not only to the appropriate offense level for her offense, but the enhancements she now

---

[1] One court, declining to decide whether the rule announced in Blakley/Booker applies retroactively, held that, even if those cases were retroactively applied, relief would be limited to persons presently serving a sentence that was enhanced on the basis of contested facts that were not found to be true, beyond a reasonable doubt, nor admitted by the defendant. See United States v. Siegelbaum, 2005 WL 196526 at *3 (D. Or. Jan. 26, 2005). The court noted that only if a defendant actually disputed the facts that resulted in the sentence enhancement, and the court decided the matter against him, can the defendant show that he may have been prejudiced by application of the wrong standard of proof and, to vacate a sentence enhancement on the basis of Blakely/Booker, when a defendant never disputed the facts upon which that enhancement was premised, would confer an unwarranted windfall. Here, the petitioner not only did not contest the facts underlying her guideline range and/or the calculation of range itself but, rather, stipulated to a guideline range of 135 to 168 months imprisonment.

challenges. Moreover, the petitioner admitted to the relevant facts which support the court's determination of the base offense level, as well as the enhancements. In particular, the petitioner admitted to kidnaping a juvenile victim and transporting her from Connecticut to New York. Tr. of 10/7/02 at 18, lines 1-6. The petitioner admitted further that the victim was transported against her will and assaulted during the course of the kidnaping. Id., lines 12-18. The Government also provided a detailed description of the evidence it could prove at trial, including the assault against the victim which consisted of multiple stab wounds to the victim's head and neck. Id., pp. 17-21. When asked if she disputed any the evidence proffered by the Government, the petitioner responded "no." Id. at 22, lines 10-13.

Thus, even if Booker could be construed to allow a collateral attack on a sentence, it could not provide relief here because petitioner admitted and stipulated to the facts supporting her sentence.

> Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

Booker, 125 S.Ct. 738, 756 (2005). In Blakely, the Supreme Court recognized that a defendant is free to waive any Apprendi rights by either stipulating to certain facts or consenting to judicial

factfinding. 124 S.Ct. at 2541. In this instance, the defendant stipulated to certain facts <u>and</u> to the relevant sentencing enhancements. Based on the stipulation, the Court applied the relevant sentencing factors to the base offense level and imposed sentence within the agreed upon range. Because the petitioner "stipulate[d] to the relevant facts" the Court appropriately applied the enhancements, even though they were not proven to a jury beyond a reasonable doubt, without subverting <u>Blakely</u> or <u>Booker</u>. 124 S.Ct. at 2541.

### III. CONCLUSION

The Government respectfully renews its request that the Court summarily dismiss the petitioner's motion for the reasons set forth in its first two briefs. In addition, the <u>Booker</u> argument advanced by the petitioner should be rejected because: (1) petitioner waived her right to collaterally attack her sentence and <u>Booker</u> does not undermine that waiver; (2) <u>Booker</u> does not apply retroactively to cases like petitioner's which were final before <u>Booker</u> was decided; and (3) petitioner has stipulated and admitted to the conduct justifying the sentencing enhancements under the guidelines.

Respectfully submitted,
KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


BRIAN P. LEAMING
ASSISTANT UNITED STATES ATTORNEY
450 Main Street
Hartford, Connecticut  06103
Telephone (860) 947-1101
Federal Bar No. CT16075

**CERTIFICATE OF SERVICE**

　　A true and correct copy of the foregoing was forwarded via U.S. Mail, First Class, postage prepaid, on this 28th day of February, 2005 to:

Mary-Ellen Sands
No. 14684-014
FCI Tallahassee
501 Capital Circle N.E.
Tallahassee, FL 32301

Christopher J. McCarthy
Brown, Paindiris & Scott, LLP
2252 Main Street
Glastonbury, CT 06033

BRIAN P. LEAMING
ASSISTANT UNITED STATES ATTORNEY

14