FEB 14 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MARY ELLEN SANDS        )
PETITIONER              )
                        )
V.                      )        Civil No. 3:04cv13(AHN)
                        )        Crim. No. 3:02cr153(AHN)
UNITED STATES OF AMERICA)
RESPONDENT              )

AMENDMENT TO 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE

COMES NOW, Mary Ellen Sands, the Petitioner, proceeding pro se pursuant to the teachings of Haines v. Kerner, 404 U.S. 519 (1972).

STATEMENT OF FACTS

On December 16, 2003 via United States Postal Mail, Petitioner Mary Ellen Sands mailed her 28 U.S.C. §2255 Petition to Vacate, Set Aside or Correct Sentence.

Based on the recent rulings in Booker vs. U.S., 543- U.S. (2005) and FanFan vs. U.S., 543- U.S. (2005) Petitioner requests this Amendment be made a part of her 28 U.S.C. §2255.

ARGUMENT

Petitioner Sands has made claims that Attorney, Christopher

McCarthy was defecient in his performance for various reasons. Petitioner Sands also has reason to feel that the District Court will attempt to attach Procedural Default to her "Blakely" claims. Petitioner Sands would like to reaffirm her position regarding this issue. Counsel was ineffective for failing to challenge Court's failure to submit the enhancements herein U.S.S.G. 2A4.1 (b)(7)(A) 4 levels, U.S.S.G. 2A2.1(b)(1) 2 levels, and U.S.S.G. 2A4.1(b)(7)(B) 4 levels to the jury. Petitioner's Attorney could have challenged the enhancements under In Re Winship 397 U.S. 358 (1970) the same as Apprendi's Counsel did. Therefore every Attorney has failed to give their clients the representation equal to that which Apprendi and Blakely received. rendered ineffective assistance of Counsel.

In addition this court merely extended the holdings of Apprendi to the Federal Sentencing Guidelines. In essence the Supreme Court merely applied the holdings of Apprendi regarding the Sixth Amendment to the guidelines via the Booker decisions. The Court has remedied the problem of bringing the guidelines into the compliance with the Sixth Amendment by finding the provision of the Federal Sentencing Statue that makes the guidelines mandatory, Title 18 U.S.C.A. §3553 (b)(1) incompatible with the opinion of the constitutional holdings established in Apprendi. This new discretion allows the District Court to use the guidelines as "advisory" in determining a defendant's range. The immediate hurdle is that the Courts will attempt to disregard the "corrected" guidelines range in favour of the same sentence,

now advisory in nature. When a sentence must be modified or corrected as a result of the <u>Booker</u> decision any attempt by the District Court to follow this route must fail.

First, the <u>Ex Post Facto Clause</u> of the U.S. Constitution clearly establishes that a violation occurs when a new rule "retroactively alters the definition of crimes or increases the punishment for criminal acts". <u>California Dept of Corrections vs. Morales</u>, 514 U.S. 499, 504-05, 115 S. Ct. 1597, 1601, 131 L. Ed. 2d 588 (1995) quoting <u>Collins vs. Youngblood</u>, 497 U.S. 37.43, 110 S. Ct. 2715, 2719, 111 L. Ed. 2d 30 (1990). Simply said, if the District Court attempts to rely on the newly granted discretion to rely on the guidelines as <u>advisory</u> during the re-sentencing of the granting of a Title 28 U.S.C. §2255 and refuses to sentence the defendant uner the <u>corrected</u> guidlelines range sentencing the defendant to the higher range, the Court will violate the Constitution <u>Ex Post Facto Clause</u> by increasing the punishment of the criminal act. In essemce the Court cannot use the new found discretion to sentence a defendant above the offense level that can be established as a result of the offense level determined by the jury's verdict or admitted by plea.

Also a review of 18 U.S.C. §3553 (a)(4)(A) states: the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission..... and are in effect on the date the defendant is sentenced;....... therefore, a sentence under 18 U.S.C. § 3553 (a) does not free sentencing Courts from the

Sentencing Guidelines when the defendant was originally sentenced.

The Seventh Circuit previously held in <u>Ashley v. United States</u>, 266 F. 3d 671, (7th Circuit 2001) on first time 2255 Motions it is the duty of the lower court to grant retroactivity as to newly asserted rights, if those rights have been newly recognized by the Supreme Court. Previously the Fifth Circuit held <u>Apprendi</u> to be retroactively applicable to cases on collateral review, See <u>U.S. vs. Clark</u>, 260 F. 3d 382 (5th Circuit 2001).

In conclusion Petitioner Sands requests that her sentence be Corrected or Modified according to the recent Supreme Court ruling and that any and all relief available be granted.

Dated: February 10, 2005

Respectfully Submitted,

*Mary Sands*

Mary Ellen Sands, pro se

Reg No. 14684-014

CERTIFICATE OF SERVICE

This is to certify that I have served a true and correct copy of the foregoing, AMENDMENT TO 28 U.S.C. 28 §2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

upon the following addressees, by placing same in a sealed envelope, bearing sufficient postage for the delivery via United States Mail Service to:

| | |
|---|---|
| United States District Court | United States Attorney's Office |
| Court of Clerk | District of Connecticut |
| 915 Lafayette Blvd. | 450 Main Street, Room 328 |
| Bridgeport, Connecticut 06044 | Hartford, Connecticut 06103 |

and deposited in the postal box provided for inmates on the grounds of the Federal Correctional Institution, in Tallahassee, Florida, 32301-3400, on this  10  day of  February , 2005  .

Mary Ellen Sands, pro se

Litigation is deemed FILED at the time it was delivered to prison authorities. See: Houston v. Lack, 101 L.Ed. 2d, 245 (1988).