UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MARY ELLEN SANDS,** : | |
| Petitioner, : | |
| : | Crim. No. 3:02CR153 (AHN) |
| v. : | Civ. No. 3:04CV13 (AHN) |
| : | |
| **UNITED STATES OF AMERICA,** : | |
| Respondent. : | |

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255

Petitioner Mary Ellen Sands ("Sands") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255 requesting that her January 10, 2003, conviction be vacated, set aside, and/or corrected. Sands pleaded guilty to kidnapping in violation of 18 U.S.C. § 1201(a). She was sentenced to 147 months imprisonment and 5 years supervised release. She now challenges her sentence on several grounds. As set forth below, her petition [dkt. # 45] is denied.

BACKGROUND

In May 2002, Sands, Tiheba Bain ("Bain"), and two female juveniles, forced Tiffany Williams ("Williams") into the back seat of Sands's car, and drove from New London, Connecticut, to Brooklyn, New York. During the course of that trip, Sands and the other females assaulted and tried to suffocate Williams because they believed that Williams had stolen $900 dollars from Sands. When the group arrived in Brooklyn, they met Bain's

cousin, Jamel Wheeler ("Wheeler"), and another unidentified male described as a "crackhead." Bain told Wheeler that Sands wanted to kill Williams and asked Wheeler if he would hold Williams until the next day. At some point, the "crackhead" put his arm around Williams and stabbed her nine times around the head and neck. Believing she was dead, the group fled the scene. Williams, still alive, got into a taxi cab and went to the hospital where she was treated and later released.

Sands was arrested on May 12, 2002. On October 7, 2002, she pleaded guilty to "count one of the Indictment charging her with kidnaping, in violation of 18 U.S.C. § 1201(a)." Pursuant to the plea agreement, Sands acknowledged that she "unlawfully, knowingly and willfully . . . seized, confined, abducted or carried away [Williams] . . . [and] transported [Williams] in interstate commerce . . . for the purpose of assaulting, frightening or intimidating [her.]" Sands agreed to a total offense level of 31, a criminal history category of III, and a sentencing range of 135 to 168 months. As detailed in the plea agreement, the sentencing calculation was based on an offense level of 28, under § 2A2.1(a)(1) of the Sentencing Guidelines, as well as a two-point enhancement for serious bodily injury to the victim, a four-point enhancement for kidnapping, and a three-point reduction for acceptance of responsibility. As also stated in the plea agreement, Sands agreed that she would not "appeal or

collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 168 months . . ." At the plea hearing, the court specifically addressed Sands's waiver of her rights to appeal and collaterally attack her sentence. Sands acknowledged that she had discussed the waiver with her attorney and that she agreed to it.

On January 10, 2003, Sands was sentenced to 147-months imprisonment and 5-years supervised release, which did not exceed the 168-month maximum stipulated in the plea agreement and covered by her waiver. Sands's conviction became final ten days later on January 20, 2003. See Clay v. United States, 537 U.S. 522, 525 & 527 (2003) (conviction becomes final, inter alia, when the time to file an appeal expires); Fed. R. App. P. 4(b). Thereafter, on January 6, 2004, Sands timely filed the instant petition for habeas relief.

## DISCUSSION

Sands now seeks collateral relief pursuant to § 2255 on the grounds that: (1) the court erred by applying a four-point enhancement for kidnapping under § 2A4.1(b)(7)(B) of the Sentencing Guidelines; (2) she received ineffective assistance of counsel; and (3) her sentence violates the rule in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542

U.S. 296 (2004). The government submits that the court should deny Sands' petition because she waived her right to appeal or collaterally attack her sentence and because it is without merit. The court agrees.

I.   Waiver of Right to Collateral Relief

The government contends that the court should summarily deny Sands' petition because she waived her right to appeal or collaterally attack her sentence in the plea agreement. "[A]bsent extraordinary circumstances, a knowing and voluntary waiver of the right to appeal a sentence within or below an agreed Guidelines range shall be enforced." Luna v. United States, 98 Civ. 7970 (PKL), 1999 WL 767420, at *3 (S.D.N.Y. Sept. 28, 1999)(citing United States v. Yemitan, 70 F.3d 746, 747-48 (2d Cir. 1995)). In this case, the plea agreement provided that Sands would not "appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 168 months . . ." At the plea hearing, Sands knowingly and voluntarily waived her right to collaterally attack her sentence and acknowledged that she had discussed the waiver provision with her attorney and that she agreed to it. Cf. Garcia-Santos v. United States, 273 F.3d 506, 507-08 (2d Cir. 2001)(enforcing waiver of right to collaterally attack sentence, even though defendant was not asked specifically

about the waiver provision at the plea allocution, because he nonetheless stated he had read and understood the plea agreement generally). Accordingly, because the 147-month sentence imposed is below the 168-month Guidelines range that she stipulated to, and therefore within the scope of her waiver, Sands's habeas petition is barred.

II.  Merits of Sands's Petition

Nonetheless, Sands would not be entitled to habeas relief even if the court considered her petition on the merits. In particular, her claim that the court erred by applying a four-point enhancement for kidnapping is baseless. As stipulated in her plea agreement, Sands pleaded guilty to kidnapping in violation of 18 U.S.C. § 1201(a). The Sentencing Guidelines provide that "if another offense was committed during the kidnapping," the court should apply "the offense guideline applicable to that other offense," plus a four-point enhancement to account for the kidnapping element of the crime. U.S.S.G. § 2A4.1(b)(7)(B). Here, the court found that in the course of the kidnapping, Sands assaulted Williams with the intent to murder her. Consequently, it applied a base offense level of 28 pursuant to the offense guideline applicable to assault with intent to commit murder under § 2A2.1(a)(1) of the Guidelines. The court then added a four-point enhancement to account for the kidnapping element of Sands's crime under § 2A4.1(b)(7)(B) of the

Guidelines. Thus, because the court found that Sands kidnaped and assaulted Williams with the intent to murder her, it properly applied the four-point enhancement for kidnapping as required by the Guidelines.[1] Accordingly, Sands is not entitled to relief on this basis.[2]

Equally unavailing is Sands's claim that she is entitled to habeas relief because she received ineffective assistance of counsel. In particular, Sands submits that counsel was ineffective because he did not argue that the government acted in bad faith by not filing a § 5K1.1 motion at sentencing even though she alleges that it promised to do so in the plea agreement. There is no factual or legal support for this claim.

---

[1] Even though the Sentencing Guidelines are no longer mandatory, see Booker v. United States, 125 S.Ct. 738, 755-56 (2005), that change in the law did not occur until after Sands's conviction became final and is not retroactive on habeas review. See Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005) (holding that Booker is not retroactive on collateral review).

[2] Sands makes much of the fact that the Guidelines provide that the court apply either subsection (A) or (B) of § 2A4.1(b)(7), but not both. However, she does demonstrate, and the record does not indicate, that the court actually applied both provisions. Sands's apparent confusion might be due to the fact that the "Guideline Stipulation" section of the plea agreement cites subsection (A). However, as discussed, the court only applied subsection (B), not (A). Specifically, because the court found that "another offense was committed during the kidnapping," i.e., assault with intent to murder, it applied § 2A2.1(a)(1), which is the guideline applicable to that offense. And, because § 2A2.1(a)(1), does not include an adjustment for kidnapping, the court applied subsection (B), not subsection (A). See U.S.S.G. §§ 2A4.1(b)(7)(A) & (B).

A defendant seeking to attack a conviction based upon ineffective assistance of counsel must: (a) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms" and (b) "affirmatively prove prejudice" by demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 687-89, 693-94 (1984). Here, contrary to Sands's allegation, the plea agreement does not stipulate that the government would file a § 5K1.1 motion. Nonetheless, even if Sands had demonstrated "cause" on the basis that counsel should have argued that the government acted in bad faith by not filing a § 5K1.1 motion, she cannot establish prejudice because she cannot show that "the result at sentencing would have been different." <u>See</u> <u>id.</u> at 693-94. That is, even if the government had filed a § 5K1.1 motion, the court would not have granted it without finding that Sands had "provided substantial assistance in an investigation or prosecution." U.S.S.G. § 5K1.1. There is nothing in the record that shows Sands assisted the government with another investigation or prosecution. Indeed, both the facts adopted by the court from the presentence report ("PSR") and Sands's own statements and letters indicate that the kidnapping was an isolated and sporadic event and not a part of greater criminal activity about which

Sands could have provided information to assist the government. This is so despite intimations in the PSR that the $900 dollars allegedly stolen from Sands was drug money. Accordingly, Sands' habeas petition is denied with respect to her ineffective assistance claim.

Finally, Sands's habeas petition fails to the extent she claims that her sentence violates the rule in both Apprendi and Blakely. Under Apprendi, any fact, other than a prior conviction, that increases a penalty beyond the proscribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. See United States v. Luciano, 311 F.3d 146, 149-50 (2d Cir. 2002). Here, the 147-month sentence that Sands received is below the applicable statutory maximum of lifetime imprisonment and therefore does not implicate Apprendi. See id. Similarly, Sands's sentence does not violate the rule in Blakely,[3] which expands on Apprendi and provides that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may

---

[3] For purposes of this ruling, the court applies the rule in Blakely, even though Blakely dealt with the sentencing scheme in Washington state, because Sands's argument is based on Blakely and because a virtually identical rule was later applied to invalidate the federal Sentencing Guidelines in Booker. See n.1, supra. Even though Sands's conviction became final before either Blakely or Booker was decided, and although neither are retroactive on collateral review, the court nonetheless reaches the merits of Sands's claim in order to dismiss any doubt about whether Sands is entitled to habeas relief.

impose *without* any additional findings." Blakely, 124 S.Ct. at 2537. Contrary to Sands's argument, the enhancements the court applied in calculating her sentencing do not constitute "additional findings," and therefore pass muster under Blakely, because she stipulated to those enhancements in the plea agreement. See id. at 2541 (reasoning there is no Apprendi/Blakely violation "[w]hen a defendant pleads guilty . . . so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding"). Accordingly, Sands's habeas petition fails on this basis as well.

## CONCLUSION

For the foregoing reasons, Sands's petition for a writ of habeas corpus [dkt. # 45] is DENIED. Because Sands fails to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(a)(2).

So ordered this 15th day of August, 2005, at Bridgeport, Connecticut.

/s/
Alan H. Nevas
United States District Judge