THE UNITED STATES DISTRICT COURT
FOR CONNECTICUT
BRIDGEPORT DIVISION

Mary Ellen Sands                    *
Petitioner                          *
                                    *
vs.                                 *    No.3:02cr153(AHN)
                                    *
United States of America            *
Respondent                          *

**********************************************************************************

BRIEF IN SUPPORT FOR APPOINTMENT
OF COUNSEL PURSUANT TO THE
CRIMINAL JUSTICE ACT OF 1964, 18 U.S.C.
§3006 A (g).
TO REPRESENT MARY SANDS IN HER PRESENTLY PENDING
(RULE 35)

---

COMES NOW Petitioner, Mary Ellen Sands, pro-se file this brief pursuant to 18 U.S.C. §3006 (g). Requests this Honorable Court to appoint counsel to represent her in pending Rule 35. Petitioner brings her claim without the formal training of legal drafting as an attorney, accordingly she seeks for "liberal construction" of pleading invoking Haines vs. Kerner, 404 U.S. 519, 520, 92 S.Ct, 595-96 (1972).

Petitioner has presented an arguable claim appointment of counsel will help in the attainment of due process. Petitioner states thereof in support:

1). Petitioner is an indigent inmate confined at F.C.I. Tallahassee, Florida 32301.

2). Petitioner has been incarcerated since May 15, 2002 until present date.

3). I am absolutely destitute and own no property of any kind whatsoever, nor are there any monies or property due and owing to me from any person.

4). I represent to the court that the issues raised in the post conviction pleading have not been previously been presented to a court and the Petitioner believes the issues are meritorious.

5). I represent to the court that I am without money or means which to employ an attorney and unable financially to retain counsel.

6). I represent the court to consider the complexity of the issue raised in pending Rule 35. Petitioner raises legal questions to complex for the Petitioner who is a layman of the law and procedures.

7). I represent to the court that I do not have the skills, education or training experience of a lawyer in order to competently and intelligently self represent this instant case before the court. Appointment of counsel is necessary to ensure the Petitioners case and is in the best interest of justice and the attainment of due process.

8). The prison limits the hours the Petitioner may have access to the law library due to scheduled inmate access hours of administrative security facility that are totally out of Petitioners control, and the law material contained there is is very limited. There is also little to no legal assistance as promised and inmates do not have physical access to law material.

9). Petitioner shares access to "eleven" typewriters at F.C.I. Tallahassee, Florida, law library with approximately over eight hundred other inmates.

10). I represent to the court the issue raised in Rule 35, it will require further investigation which she is in no position to investigate, Therefore the appointment of counsel would advance the proper administration of justice.

11). I represent to the court the issues raised is meritorious Constitutional, and the appointment of counsel would be able to explain the applicable legal principles to the Petitioner and limit litigation to potentially meritorious issues. In addition, appointment of counsel provides the unknowledgeable Petitioner with an opportunity to obtain representation equally qualified with the professional counsel provided by the Federal Government to represent the government.

12). I represent to the court my educational background is limited, and therefore, the court should consider whether or not the defendant is capable of speaking effectively.

13). I represent to the court, under such circumstances, the necessity of counsel is vital and imperative to Petitioner's claim to present to the court.

As one court put it, counsel can .... explain the applicable legal principles to Petitioner .... and limit litigation to potentially meritorious issues. Petitioner has a colorable claim, and with appointment of counsel, she will have a chance for success if she is appointed counsel to represent her in this motion. Gordon vs. Leekey, 574 F.2d 1147, 1153 (4th Cir 1978) ( Court should appoint counsel where pro-se litigant has a colorable claim).

In addition, appointment of a lawyer provides the "unlettered" inmate with an opportunity to obtain representation equally with the professional counsel usually provided by the state for the defendants Wright v. Dallas County Sherrif's Department, 660 F.2d 623 (5th Cir 1981) quoting Kinghton v. Watkins 616 F.2d 795 (5th Cir 1980) Stringer v. Rowe 616 F.2d 993, 1001 (7th Cir 1990).

Even though Petitioner does not have a constitutional right to have counsel appointed, the court has the discretion to request that and attorney represent .... [a] person unable to employ counsel .... There are some factors that a court will consider in determining whether to request counsel to represent defendant:

First, the court has to determine whether defendant has a chance for success, Mosby v. Mabry, 697 F.2d 213 (8th Cir 1982). See also Ligare v. Harris, 128 F.2d 582, 583 (7th Cir 1942) (Counsel not appointed on appeal where law is clearly settled); Spears v. United States, 266 F. Supp. 22, 25-26 (S.D.W.Va 1967) (Court must determine

whether claim has some merit in fact and law before counsel is appointed).
<u>Miller v. Pleasure</u>, 296 F.2d 283 ( 2nd Cir 1961), Cert denied, 270 U.S.
964 (1962).

  <u>Second</u>, is whether defendant is in a position to investigate the
crucial facts needed to prove her claim. <u>Slanin v. Curry</u>, 690 F.2d 446
(5th Cir 1982); <u>Stringer v. Rowe</u>, 616 F.2d 993 (7th Cir 1980); <u>Shield v.</u>
<u>Jackson</u>, 570 F.2d 284, 285 (8th Cir 1978) ( indigent prisoner is in no
position to investigate his case when he has sued arresting officer
confiscating personal property); <u>Maclin v. Feake</u>, 650 F.2d 885 (7th Cir
1981). See also <u>Murell v. Bennett</u>, 615  F.2d 306, 311 (5th Cir 1980)
( District court should have appointed counsel to aid plaintiff with
discovery.)

  <u>Third</u>, is whether there are facts in dispute and whether the disputes
are complicated or substantial. <u>Lopez v. Reyes</u>, 692 F.2d 536 (5th Cir
1982). <u>Manning v. Lockhart</u>, 623 F.2d 536 (8th Cir 1980) (Counsel should
have been appointed where a question of credibility of witnesses and
serious allegations of fact existed); <u>U.S. Ex. Rel. Robinson v. Meyers</u>,
222 F. Supp. 845, 848 ( F.D. Pa. 1963), aff'd, 326 F.2d 972 (3rd Cir 1963).

  <u>Fourth</u>, is the complexity of the legal issues raised by the complaint
where the law is not clear, the court should appoint counsel. <u>Merit v.</u>
<u>Faulkner</u>, 697 F.2d 761 (7th Cir 1983); <u>Ligare v. Harris</u>, 128 F.2d 582, 583
(7th Cir 1942); <u>Rhodes v. Houston</u>, 258 F. Supp. 546, 579 (D. Neb . 1966),
Cert. denied, 397 U.S. 1049 (1970).

  The appointment of counsel is required to insure the adequate
presentation of the Petitioner's case. The end of justice will best be
served in this case if counsel is appointed to represent Petitioner before
the Honorable Court.

  **WHEREFORE**, Petitioner respectfully prays for her motion requesting
appointment of counsel be granted. The end of justice will best be
served in this case if she has appointed counsel and any other the
Court may deem just and proper.

                              Respectfully Submitted,

                              Mary Sands, pro-se

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

| | |
|---|---|
| *Abraham A. Ribicoff Federal Building*<br>*450 Main Street, Room 328*<br>*Hartford, Connecticut 06103* | *(860) 947-1101*<br><br>*Fax (860) 240-3291*<br>*(860) 240-3434* |

June 10, 2002

Christopher J. McCarthy, Esq.
Brown, Pandiris & Scott, LLP
The Old Town Hall
2252 Main Street
Glastonbury, CT 06033

     Re:    <u>Mary Sands a/k/a Mary Sands-Lincoln</u>

Dear Attorney McCarthy,

     As requested, please find a proffer agreement for the meeting tomorrow at noon in New Haven. If you have any questions or concerns about the terms of the proffer agreement, please contact me at (860) 947-1101.

     I look forward to seeing you tomorrow.

                    Very truly yours,

                    JOHN A. DANAHER III
                    UNITED STATES ATTORNEY

                    NANCY V. GIFFORD
                    ASSISTANT UNITED STATES ATTORNEY

Encl.

*Proffer Agreement*
*June 11, 2002*
*Page-1*

# P R O F F E R
## A G R E E M E N T

With respect to the meeting between Assistant United States Attorney Nancy Gifford, Special Agent Stephen J. Shiner of the Federal Bureau of Investigation, Mary Sands ("client") and you on June 11, 2002, the following understandings exist:

(1) This meeting has been requested by your client for the purpose of discussing evidence of criminal wrongdoing about which she is aware. The Government will consider the evidence discussed at this meeting to assess your client's potential ability to cooperate with the Government. It is understood by your client that everything she says must be truthful and accurate to the best of her ability to recall.

(2) Any statements made by your client at this meeting will not be offered against her in the Government's direct case in the federal criminal case currently pending against your client in this District, unless your client breaches this agreement as provided in (7) below.

(3) It is understood that the Government will use and pursue any investigative leads suggested directly or indirectly by your client's statements or information at this meeting. Any evidence developed through pursuing such investigative leads can be used by the Government against your client in any prosecution of the client. Further, your client's statements may be used in any civil proceedings, included but not limited to proceedings against your client or her assets. Your client agrees that this understanding will eliminate the need for a future hearing at which the Government might have to prove that evidence it intends to introduce against your client is not tainted by your client's statements or other information provided at this meeting.

(4) It is understood that your client's statements and information at this meeting must be brought to the attention of the district court at the time of sentencing in the federal criminal case pending against your client. However, such statements and information will not be offered by the Government, and may not be considered by the district court in determining your client's applicable sentencing guideline range, unless your client breaches this agreement as provided in (7) below.

(5) It is understood that in the event your client becomes a witness at any trial or hearing and her testimony is materially different from any statements or information disclosed at this meeting, the Government may and will use your client's statements at this meeting to impeach or cross-examine your client.

(6) It is understood that the Government may and will use your client's statements at this meeting in any rebuttal case in the trial of your client in the pending federal criminal case against your client in this District.

*Proffer Agreement*
*June 11, 2002*
*Page-2*

(7) It is understood that nothing in this agreement shall be construed to protect your client from prosecution for perjury, false statement or obstruction of justice, or any other offense she commits after the date of this agreement, and the statements and information your client provides at this meeting may be used against her without limitation in any such prosecutions. It is further understood that if the Government determines that your client has intentionally provided false, misleading and inaccurate statements or information at this meeting then this agreement will become null and void.

(8) The foregoing is the complete agreement between the United States and your client. Specifically, the United States is not hereby agreeing that it will subsequently enter into a plea and/or cooperation agreement with your client, and the parties understand that the proffer will not entitle your client to a reduction in her sentence under USSG Sections 5K1.1 or 5K2.0.

Dated:

JOHN A. DANAHER III
UNITED STATES ATTORNEY

By: _____

NANCY V. GIFFORD
ASSISTANT UNITED STATES ATTORNEY

I have read and discussed the terms of this proffer agreement with my attorney and I accept them.

_____
MARY SANDS
CLIENT

_____
STEPHEN J. SHINER
WITNESS

_____
CHRISTOPHER MCCARTHY
ATTORNEY FOR CLIENT

2



**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

| | |
|---|---|
| *Abraham A. Ribicoff Federal Building* | *(860) 947-1101* |
| *450 Main Street, Room 328* | |
| *Hartford, Connecticut 06103* | *Fax (860) 240-3291* |

October 2, 2002

**VIA FACSIMILE**
Christopher J. McCarthy, Esq.
Brown, Pandiris & Scott, LLP
The Old Town Hall
2252 Main Street
Glastonbury, CT 06033
(860) 659-8292

Re:    <u>United States v. Mary Sands</u>
        Criminal No. 3:02cr153(AHN)

Dear Attorney McCarthy

    Enclosed please find a copy of a letter I received today from your client, Mary Sands.

    I will be in U.S. Attorney's Office in Bridgeport all day on October 7, 2002. I anticipate that the U.S. Marshals will bring Ms. Sands to the lockup prior to our 1:00 p.m. hearing with Judge Nevas. Accordingly, if you believe it would be helpful, I am available to meet with Ms. Sands, along with Special Agent Shiner, to discuss the issues she raises in her letter prior to her entry of a guilty plea. Please let me know in advance whether you wish to arrange such a meeting.

    If you have any questions, do not hesitate to contact me.

                      Very truly yours,

                      JOHN A. DANAHER III
                      UNITED STATES ATTORNEY

                      NANCY V. GIFFORD
                      ASSISTANT UNITED STATES ATTORNEY

RECEIVED

02 OCT -2 AM 11: 25
U.S. ATTORNEYS OFFICE
HARTFORD, CONNECTICUT

9/25/02

Ms. Nancy Gifford,
    I am writing to you in reference
to my case. There is a couple of
things I would like to know. I
would like to know how is it that
I am being charged with Kidnapping
and being sentenced under another
guideline. I also want the govermen-
ts let me be helpful further in
this case. I wanted to know if
the government is willing to except
a 5K1.1 on my behalf. I would
like to help with whatever I
can. I would like to do a (Rule 35)
if needed. I am willing to do
what I need to do to go home
with my children sooner. I might
have information that can be
helpful to the government otherwise
from my case. I would appreciate
if we can meet before the signing
of my plea agreement or sentencing
whatever one I need to do first
before, so I can possibly get
a reduction on my behalf and
also to be effective to the goverment
I also wanted to know if the

government was granting me
cooperation for my propher
agreement, if not I tryed my
best to be helpful. Please Respond.

Thank You
Mary Sands

MARY SANDS #14084-014
FCI DANBURY
ROUTE 37
PEMBROKE STATION
DANBURY, CT
J806II-3099

RECEIVED
02 OCT -2 AM II: 25
U.S. Atty.
HARTFORD, CONNECTICUT

TO: NANCY GIFFORD
UNITED STATES ATTORNEY OFFICE
450 MAIN ST
HARTFORD, CT

# BROWN PAINDIRIS & SCOTT, LLP

### Attorneys at Law

———

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KENNETH T. KELLEY *
ROMAN F. GARBACIK †
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY ‡
DAVID S. RINTOUL

———

ROBERT T. RIMMER
SIMON J. LEBO
CHRISTINA P. BURNHAM

———

OF COUNSEL
DONALD L. HAMER, P.C. †
THEODORE J. DiLORENZO
ARTHUR T. COREY

———

* ALSO ADMITTED IN NY and PA
† ALSO ADMITTED IN NY
‡ ALSO ADMITTED IN MA
† ALSO ADMITTED IN DC

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.bpslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

———

6 LANDMARK SQUARE
SUITE 400
STAMFORD, CT 06901
(203) 359-5772

———

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

———

22 CENTER STREET
SOUTHINGTON, CT 06489
(860) 628-0934

October 3, 2002

LEGAL MAIL
ATTORNEY CLIENT COMMUNICATION
PRIVELGED AND CONFIDENTIAL

Mary Sands – 14684014
Danbury Federal Prison
Route 37
Pembroke Station
Danbury, CT 06811

**Re: U.S. v. Sands**

Dear Mary:

It is a very bad idea for you to have direct contact with the prosecutor. I cannot effectively represent you if you do this. If you would like to communicate something, please tell me, and I will pass it on. We will meet with the prosecutor before your plea. I hope you have information that they will find useful.

Very truly yours,

Christopher J. McCarthy

CJM:ebm

# BROWN PAINDIRIS & SCOTT, LLP

## Attorneys at Law

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KENNETH T. KELLEY *
ROMAN F. GARBACIK †
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY ‡
DAVID S. RINTOUL

SIMON J. LEBO
CHRISTINA P. BURNHAM

OF COUNSEL
DONALD L. HAMER, P.C. ‡
THEODORE J. DeLORENZO
ARTHUR F. CORLEY

* ALSO ADMITTED IN NY and PA
† ALSO ADMITTED IN NY
‡ ALSO ADMITTED IN MA
♦ ALSO ADMITTED IN DC

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.bpslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

6 LANDMARK SQUARE
SUITE 400
STAMFORD, CT 06901
(203) 359-5772

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

22 CENTER STREET
SOUTHINGTON, CT 06489
(860) 628-0934

December 12, 2002

LEGAL MAIL
ATTORNEY CLIENT COMMUNICATION
PRIVELGED AND CONFIDENTIAL

Mary Sands – 14684014
Danbury Federal Prison
Route 37
Pembroke Station
Danbury, CT 06811

**Re: U.S. v. Sands**

Dear Mary:

I will be traveling to Danbury with Assistant United State's Attorney Nancy Gifford and Agent Steve Shiner from the FBI on December 20, 2002 around 12:30 p.m. After out meeting we can discuss some issues relative to your sentencing hearing as well.

Very truly yours,

Christopher J. McCarthy

CJM:ebm

12 12-02

Dear Attorney McCarthy

I received your letter thanking
me for a gift I donated for
Dec 20, and I would want
you to keep in the _____
of _____ & _____ In
return to the _____ on
that _____ If possible
I can _____ with you prior
to our meeting. Sort _____
_____
_____.

Thank you

Meggie _____

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription _01/03/2003_

MARY SANDS-LINCOLN was contacted at the Federal Correctional Institution in Danbury, CT. She was represented by her attorney, Christopher McCarthy. After being advised of the identity of the interviewing agents and detective, and the purpose of the interview, she provided the following information:

MARK LINCOLN is her estranged husband and the father of her kids. MARY SANDS-LINCOLN then said she met the persons who stabbed Tiffany that night. After the stabbing, they went to 950 Dumont Avenue in Brooklyn, New York. MARY's co-defendant, TIHEBA, knew the two males who stabbed Tiffany.

MARY SANDS-LINCOLN said that the other one, the tall light skinned male who had participated in the stabbing, was admitted to Brookdale Hospital with a gunshot wound. She knew this from a telephone conversation she had with MARK LINCOLN, where they spoke in coded words. MARK LINCOLN told her that this male had a heart attack, and MARY inquired if it was fire or steel. MARK LINCOLN responded that it was "fire", which MARY understood as being shot.

She then recalled that on May 14, 2002, MARK drove her in Brooklyn, New York, and she pointed out the tall light skinned male, referred to as the "crackhead." She also saw the other male that day, TIHEBA's cousin. She had been through the area before she was arrested.

She recalled two telephone conversations she had with MARK LINCOLN on October 3rd and 7th, 2002. In one call she told MARK to go to the nearest pay phone and call the 75th precinct or 911 if he sees the guys who participated in Tiffany's stabbing.

The telephone conversation on October 3rd, 2002, was around 1:15 p.m. - 1:30 p.m. to (718)287-7442. Her husband told her it was a .380 pistol that was used for the shooting of the male. She knew this by a coded conversation where he told her that the furniture cost $382.99. She believed that MARK LINCOLN shot the tall light skinned male, known as the "crackhead." MARK told her he had seen the guy's hand shaking. MARK indicated that he shot him in the chest and right hand on Miller Street in Brooklyn. MARY thought

| | |
|---|---|
| Investigation on | _12/20/2002_ at _Danbury, CT._ |
| File # | _7A-NH-41796_    Date dictated  _1/3/2003_ |
| | SA PATRICK J. RYAN, DET. J.R. RODRIGUEZ |
| by | SA STEPHEN J. SHINER, SA THOMAS MCDONALD |

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302a (Rev. 10-6-95)

7A-NH-41796

Continuation of FD-302 of     MARY SANDS-LINCOLN           , On   12/20/2002  , Page     2

the male went to Brookdale Hospital by ambulance. MARY said that
she had called her husband at his mother's to learn this. MARK is
around her kids.  She said that right away she called her attorney
about this.

MARK told her that he was personally there at the
shooting, and followed the male to the Hospital. MARK drove a green
Honda registered to Laverne Harper. This shooting incident would
have happened late Friday night to early Saturday morning,
September 27 - 28, 2002. MARK went back South after this. The last
time she talked to MARK was two weeks ago.

MARY believes she can recognize both of those involved in
the stabbing again. The stabber was a friend of TIHEBA BAIN, or a
friend of her cousin, it was not just some crackhead. TIHEBA had
hugged both of them. The crackhead is in his late twenties.

MARY said that she thought that MARK had shot someone in
Johnsonville, South Carolina at the end of May or the beginning of
June 2002. MARK wrote her a letter that he "bit someone", and MARY
believed this be a shooting.

Detective Rodriguez showed several photographs to MARY,
none of which she identified. She did identify her husband's photo.
She indicated that one photo was the closest to TIHEBA's cousin.

MARY said she does not know Brooklyn. She said she went
where TIHEBA told her to that night, to Dumont Ave., and they went
to Miller St.

MARY had a phone conversation en route to Brooklyn, but
she was directed there. She spoke to her husband, and spoke to her
friend "Al", and spoke to someone else. Her husband did not give
directions, he was down south at the time.

TIHEBA knows a white guy, "Jimmy", in Rhode Island. She
was trying to get his truck that night. MARY met him once with
TIHEBA, and they smoked "crack."

MARY recalled that they were just driving on the highway
to New York just to scare Tiffany. They stopped in Milford, TIHEBA
was looking for Route one.

Tiffany told MARY that she took the money right before
they entered New York. MARY was going to take her back to

7A-NH-41796

Continuation of FD-302 of    MARY SANDS-LINCOLN                    , On   12/20/2002   , Page   3

Connecticut. The others said, no, no, we'll go to jail. MARY said she did not touch Tiffany, the others did.

MARK LINCOLN has an alias. He came back North after going down South. He uses the name JOHNSON HARPER, with a New York driver's license. He took the test for it and everything.

MARK said he is working on cars under the table from 3:00 p.m. to 9:00 p.m. He is home in the morning and he watches the kids. 700 Ocean Avenue, Apartment 6G, Brooklyn, is his address, his mom's house. MARK goes back and forth down South. He is Jamaican.

MARY said that she has no information that anyone is going to kill or hurt Tiffany now. MARY is not going to do that.

MARY said that she believes that MARK "popped this guy on his own", referring to the person who may have been shot and gone to Brookdale Hospital.

MARK's mother is CLARICE MILLER or HARPER. Her cell phone is (347)268-1206. MARY called it in July, it is off now. CLARICE's maiden name is HARPER. MARK's mother's husband is LINTON MILLER. KIRK WILLIAMS is MARY's husband. She has "KIRK" tattooed on her upper right bicep.

# Break-ins case nets one arrest; second suspect sought

**By BOBBY TEDDER**
Staff Writer
btedder@florencenews.com

JOHNSONVILLE — A case that began as a simple investigation of some break-ins in the Johnsonville area resulted in the seizure of drugs, guns and stolen goods Friday afternoon.

The items were discovered when Florence County sheriff's deputies searched a home at 228 Azalea St. Johnsonville, Capt. Todd Tucker said.

Investigator Amber McDaniel began working on the case May 1 when the investigation centered on several reported break-ins in and around the Johnsonville area, Tucker said. Later, McDaniel obtained a search warrant after receiving a report that two people were dealing drugs and swapping drugs for illegal merchandise from that residence.

"Through some great detective work, Investigator McDaniel turned what was a routine breaking and entering investigation into a significant drugs and weapons seizure and arrest," the captain said.

Among the items confiscated during the search were 10 grams of crack cocaine, 70 grams of powder cocaine, 18 grams of marijuana, an estimated $10,000 in stolen merchandise and an assortment of firearms, Tucker said.

Deputies arrested 25-year-old Phillip Anthony of New York at the scene. He is charged with trafficking crack cocaine, trafficking powder cocaine, possession with intent to distribute marijuana and possession of stolen merchandise. Florence County Detention Center booking reports show.

A second suspect identified as John D. Harper of New York is being sought in connection with the case, Tucker said.

Harper is described as a 24-year-old black man, 5 feet 9 inches tall and weighing 200 pounds. He was last seen driving a 1990 black Honda Accord with Connecticut license plate 33 - PXL. The car also has tinted windows and distinctive green, yellow and red writing on the front and back windows.

Tucker said Harper should be considered armed and dangerous. Anyone with information regarding Harper's whereabouts is asked to contact McDaniel at (843) 665-2121 ext. 133, Crime Stoppers of the Pee Dee at (843) 667-TIPS (8477), 1-800-YOU-TIPS (968-8477), Crime Stoppers of Carolina at 1-866-88-CRIME (4631). Callers need not reveal their identities.

03-03-03

Dear Attorney McCarthy,

I am writing in to reference with my case. I would like a copy of my sentencing transcript. I also would like to let you know I'm currently designated to:

FCI Tallahassee
501 Capital Circle
Tallahassee, Fl. 32301

for all correspondence.

I need to know if the Federal government is pursuing the information I gave them, to do with my husband Mark Lincoln. If they are pursuing issue and can't find him. I need to know if I can be of any assistance

I would also like to know about my money and jewelry that is in vehicle. Along with my personal documents, will I get my stuff returned to me. If not returning everything why not? Will I get the car returned

Please contact me, so I know

# BROWN PAINDIRIS & SCOTT, LLP

## Attorneys at Law

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY ‡
DAVID S. RINTOUL
J. LAWRENCE PRICE

———

SIMON J. LEBO
CHRISTINA P. BURNHAM
CATHERINE D. MOLLICA‡

———

OF COUNSEL
DONALD L. HAMER, P.C. †
THEODORE J. DILORENZO
KENNETH T. KELLEY *

———

‡ ALSO ADMITTED IN MA
† ALSO ADMITTED IN DC
* ALSO ADMITTED IN NY and PA

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.bpslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

———

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

———

April 2, 2003

**ATTORNEY-CLIENT COMMUNICATION**
**PRIVILEGED AND CONFIDENTIAL**

Mary Sands
Inmate No. 14684014
FCI Tallahassee
501 Capital Circle
Tallahassee, FL 32301

**Re:    U.S. v. Sands**

Dear Ms. Sands:

Thank you for your March 25th letter.

Firstly, as I have explained, if a Rule 35 motion is to be filed, the defendant, and not the government, will do so. This will not occur unless the information you provided results in arrests. I am advised that to date this has not occurred. If it does, I will notify you.

As to your question about a grand jury, I am not aware of a grand jury convened in connection with your case.

Very truly yours,

Christopher J. McCarthy

CJM/js

April 09, 2003

Dear Attorney McCarthy,

       I received your letter today and thank you once again for your time. I am writing this letter to ask you if the government is pursuing leads on my husband Mark Lincoln and do they have an indictment for him. I have received word that the Federal Agents arrived at his mother,s house. If the government needs any further to assist them to make an arrest I am more than willing to do so. I have information that might be able to help with his whereabouts. I also had a question about 3rd party coopera- tion. How does that apply it self?

  I also have a question about my state violation of probation warrant. How can I take care of that while I am incarcerated? What would I have to do ?

I also found out about a separteese on me . If the government did so to keep me and Ms. Bain separated so that we did not colabarate a story,how will I go about getting the separteese removed. I have wrote the prosecuter to this matter.

Have a good Easter and I hope to hear from you soon. Thank you for your effort in helping me in these situations and my time of need.

                  Very Truly Yours,

                  Your Client Ms. Mary Sands

April 10,2003

Dear Attorney McCarthy,

    I am writing this letter in reference to your April 2,2003
response to my letter. In regards to the Rule 35 motion you stated that
the defendant, and not the government , will do so. I have looked in
the codes and rules regulations where it reads that this motion is to be
filed by the government. If you have documentation on a Rule 35 motion
can you please send this information to me. Lastly is it the governments
intentions on filing this Rule 35 motion or accepting my motion of a Rule
35. Please inform me as new things arise. Once again thank you for your
time to this matter.

                        Very Truly Yours,
                        Your Client Ms. Mary Sands

# PAINDIRIS & SCOTT, LLP

## Attorneys at Law

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY ‡
DAVID S. RINTOUL
J. LAWRENCE PRICE

———

SIMON J. LEBO
CHRISTINA P. BURNHAM
CATHERINE D. MOLLICA‡

———

OF COUNSEL
DONALD L. HAMER, P.C. †
THEODORE J. DiLORENZO
KENNETH T. KELLEY *

———

‡ ALSO ADMITTED IN MA
† ALSO ADMITTED IN DC
* ALSO ADMITTED IN NY and PA

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.bpslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

———

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

———

April 11, 2003

Nancy V. Gifford
Assistant U.S. Attorney
Office of the U.S. Attorney
United States District Court
450 Main Street, Room 328
Hartford, CT 06103

**Re:** **U.S. v. Mary Sands**

Dear Attorney Gifford:

Have there been any developments in New York or elsewhere in this matter resulting from my client's proffer?

Very truly yours,

Christopher J. McCarthy

CJM/js

# BROWN PAINDIRIS & SCOTT, LLP

### Attorneys at Law

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY ‡
DAVID S. RINTOUL
J. LAWRENCE PRICE

———

SIMON J. LEBO
CHRISTINA P. BURNHAM
CATHERINE D. MOLLICA‡

———

OF COUNSEL
DONALD L. HAMER, P.C. †
THEODORE J. DiLORENZO
KENNETH T. KELLEY *

———

‡ ALSO ADMITTED IN MA
† ALSO ADMITTED IN SC
* ALSO ADMITTED IN NY and PA

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.bpslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

———

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

———

April 15, 2003

## ATTORNEY-CLIENT COMMUNICATION
## PRIVILEGED AND CONFIDENTIAL

Mary Sands
Inmate No. 14684014
FCI Tallahassee
501 Capital Circle
Tallahassee, FL  32301

**Re:    U.S. v. Sands**

Dear Ms. Sands:

Enclosed is a copy of Rule 35. Regardless of who files it, in your case it will not be pursued unless the government apprehends the individuals who injured Tiffany. They are not interested in your husband for that purpose. As I told you repeatedly, you cannot count on a sentence reduction. The government may not apprehend these individuals, and they will conduct their investigation as they see fit. I have no influence over that, I am sorry to say. As I told you, I will follow this and if anything develops I will let you know. You are of little use to the government now. Any possible credit would be based upon what you have already done.

I do not have any information about a "separteese." I don't know what that is, and it probably doesn't apply now because you are a sentenced prisoner.

April 15, 2003
Page 2

On your state cases, you may not have been violated.  If you were, this would be beyond the scope of my federal court appointment.  You might want to contact a local public defender in state court, (or your state probation officer).  I doubt that the State of Connecticut will have much interest in pursuing you in light of your significant total sentence.

Very truly yours,

Christopher J. McCarthy

CJM/js
Enclosure

POST-CONVICTION PROCEDURES                    **Rule 35**

amount of time available to a defendant to file timely a motion for new trial. This would be especially true if, as noted by the Court in *Reyes, supra* at 67, an appellate court stayed its mandate pending review by the Supreme Court. *See also Herrera v. Collins,* 506 U.S. 390, 410–412 (1993) (noting divergent treatment by States of time for filing motions for new trial).

It is the intent of the Committee to remove that element of inconsistency by using the trial court's verdict or finding of guilty as the triggering event. The change also furthers internal consistency within the rule itself; the time for filing a motion for new trial on any other ground currently runs from that same event.

Finally, the time to file a motion for new trial based upon newly discovered evidence is increased to three years to compensate for what would have otherwise resulted in less time than that currently contemplated in the rule for filing such motions.

### 2002 Amendments

The language of Rule 33 has been amended as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

## Rule 34.    Arresting Judgment

**(a) In General.** Upon the defendant's motion or on its own, the court must arrest judgment if:

**(1)** the indictment or information does not charge an offense; or

**(2)** the court does not have jurisdiction of the charged offense.

**(b) Time to File.** The defendant must move to arrest judgment within 7 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere, or within such further time as the court sets during the 7-day period.

(As amended Feb. 28, 1966, eff. July 1, 1966; Apr. 29, 2002, eff. Dec. 1, 2002.)

### ADVISORY COMMITTEE NOTES

#### 1944 Adoption

This rule continues existing law except that it enlarges the time for making motions in arrest of judgment from 3 days to 7 days. See rule II(2) of Criminal Appeals Rules of 1933, 18 U.S.C. formerly following § 688].

#### 1966 Amendments

The words "on motion of a defendant" are added to make clear that the court may act only upon timely motion by the defendant.

The amendment to the second sentence is designed to clarify an ambiguity in the rule as originally drafted. In *Lott v. U.S.,* 367 U.S. 421 (1961) the Supreme Court held that when a defendant pleaded nolo contendere the time in which a motion could be made under this rule did not begin to run until entry of the judgment. The Court held that such

a plea was not a "determination of guilt." No reason of policy appears to justify having the time for making this motion commence with the verdict or finding of guilt but not with the acceptance of the plea of nolo contendere or the plea of guilty. The amendment changes the result in the *Lott* case and makes the periods uniform. The amendment also changes the time in which the motion may be made to 7 days. See the Advisory Committee's Note to Rule 29.

### 2002 Amendments

The language of Rule 34 has been amended as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

## Rule 35.    Correcting or Reducing a Sentence

**(a) Correcting Clear Error.** Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

**(b) Reducing a Sentence for Substantial Assistance.**

**(1) In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:

**(A)** the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and

**(B)** reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

**(2) Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

**(A)** information not known to the defendant until one year or more after sentencing;

**(B)** information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

**(C)** information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

**(3) Evaluating Substantial Assistance.** In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

**(4) Below Statutory Minimum.** When acting under Rule 35(b), the court may reduce the sen-

# Rule 35

## RULES OF CRIMINAL PROCEDURE

tence to a level below the minimum sentence established by statute.

(As amended Feb. 28, 1966, eff. July 1, 1966; Apr. 30, 1979, eff. Aug. 1, 1979; Apr. 28, 1983, eff. Aug. 1, 1983; Oct. 12, 1984, Pub.L. 98–473, Title II, § 215(b), 98 Stat. 2015; Apr. 29, 1985, eff. Aug. 1, 1985; Oct. 27, 1986, Pub.L. 99–570, Title X, § 1009, 100 Stat. 3207–8; Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 24, 1998, eff. Dec. 1, 1998; Apr. 29, 2002, eff. Dec. 1, 2002.)

### Rule Applicable to Offenses Committed Prior to Nov. 1, 1987

This rule as in effect prior to amendment by Pub.L. 98–473 read as follows:

"**Rule 35.  Correction or Reduction of Sentence**

"**(a) Correction of Sentence.**  The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

"**(b) Reduction of Sentence.**  A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation.  The court shall determine the motion within a reasonable time.  Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision."

For applicability of sentencing provisions to offenses, see Effective Date and Savings Provisions, etc., note, section 235 of Pub.L. 98–473, as amended, set out under section 3551 of Title 18, Crimes and Criminal Procedure.  See, also, Codification note below.

## ADVISORY COMMITTEE NOTES

### 1944 Adoption

The first sentence of the rule continues existing law.  The second sentence introduces a flexible time limitation on the power of the court of reduce a sentence, in lieu of the present limitation of the term of court.  Rule 45(c) abolishes the expiration of a term of court as a time limitation, thereby necessitating the introduction of a specific time limitation as to all proceedings now governed by the term of court as a limitation.  The Federal Rules of Civil Procedure (Rule 6(c)), 28 U.S.C. Appendix, abolishes the term of court as a time limitation in respect to civil actions.  The two rules together thus do away with the significance of the expiration of a term of court which has largely become an anachronism.

### 1966 Amendments

The amendment to the first sentence gives the court power to correct a sentence imposed in an illegal manner within the same time limits as those provided for reducing a sentence. In *Hill v. United States*, 368 U.S. 424 (1962) the court held that a motion to correct an illegal sentence was not an appropriate way for a defendant to raise the question whether when he appeared for sentencing the court had afforded him an opportunity to make a statement in his own behalf as required by Rule 32(a).  The amendment recognizes a distinction between an illegal sentence, which may be corrected at any time, and a sentence imposed in an illegal manner, and provides a limited time for correcting the latter.

The second sentence has been amended to increase the time within which the court may act from 60 days to 120 days.  The 60-day period is frequently too short to enable the defendant to obtain and file the evidence, information and argument to support a reduction in sentence.  Especially where a defendant has been committed to an institution at a distance from the sentencing court, the delays involved in institutional mail inspection procedures and the time required to contact relatives, friends and counsel may result in the 60-day period passing before the court is able to consider the case.

The other amendments to the second sentence clarify ambiguities in the timing provisions.  In those cases in which the mandate of the court of appeals is issued prior to action by the Supreme Court on the defendant's petition for certiorari, the rule created problems in three situations: (1) If the writ were denied, the last phrase of the rule left obscure the point at which the period began to run because orders of the Supreme Court denying applications for writs are not sent to the district courts.  See *Johnson v. United States*, 235 F.2d 459 (5th Cir. 1956).  (2) If the writ were granted but later dismissed as improvidently granted, the rule did not provide any time period for reduction of sentence.  (3) If the writ were granted and later the court affirmed a judgment of the court of appeals which had affirmed the conviction, the rule did not provide any time period for reduction of sentence. The amendment makes it clear that in each of these three situations the 120-day period commences to run with the entry of the order or judgment of the Supreme Court.

The third sentence has been amended to make it clear that the time limitation imposed by Rule 35 upon the reduction of a sentence does not apply to such reduction upon the revocation of probation as authorized by 18 U.S.C. § 3653.

### 1979 Amendments

Rule 35 is amended in order to make it clear that a judge may, in his discretion, reduce a sentence of incarceration to probation.  To the extent that this permits the judge to grant probation to a defendant who has already commenced service of a term of imprisonment, it represents a change in the law.  See *United States v. Murray*, 275 U.S. 347 (1928) (Probation Act construed not to give power to district court to grant probation to convict after beginning of service of sentence, even in the same term of court); *Affronti v. United States*, 350 U.S. 79 (1955) (Probation Act construed to mean that after a sentence of consecutive terms on multiple counts of an indictment has been imposed and service of sentence for the first such term has commenced, the district court may not suspend sentence and grant probation as to the remaining term or terms).  In construing the statute in *Murray and Affronti*, the Court concluded Congress could not have intended to make the probation provisions applicable during the *entire* period of incarceration (the only other conceivable interpretation of the statute), for this would result in undue duplication of the three methods of mitigating a sentence—probation, pardon and parole—and would impose upon district judges the added burden of responding to probation applications from prisoners throughout the service of their

ns of imprisonment.  Th ... nt provisions, for the r ... time specified in subd ... aningful effect" to the m ... the court "to consider al ... the time of imposition of ... *tes v. Golphin*, 362 F.Sup ... hould the reduction to a ... defendant has been inc ... e would put into issue ... 3551, which provides that ... ntence in excess of six mo ... nt be confined in a jail-t ... eeding six months and t ... e of the sentence be susp ... probation for such per ... nditions as the court deem

### 1983 A

**Rule 35(b).**  There is cu ... estion of whether a cou ... 0 days after revocation of ... posed earlier but execu ... terim been suspended in ... *nited States v. Colvin*, 6 ... *nited States v. Johnson*, ... th *United States v. Rice*, ... *nited States v. Kahane*, ... he Advisory Committee ... larified in light of this sp ... olicy matter the result r ... The Supreme Court de ... *States*, 319 U.S. 432, 435 ( ... probationer been impos ... bation . . . . . . . . and susper ... followed by probation]" i ... imposition of sentence is s ... defendant is placed on pr ... days after revocation of pr ... o petition for leniency.  T ... makes it clear that simil ... probationers for whom exe ... sentence was originally sus

The change facilitates the ... which is to "give every co ... before the sentencing judge ... tunity to reconsider the se ... information about the defe ... been presented to him in ... *Ellenbogen*, 390 F.2d 537 ... technically correct that a ... suspended sentence is imp ... at 96:

It frequently will be ... sentence has just been su ... the further relief of a redu

Just as significant, we d ... be very receptive to Rule ... the execution of a term ... whole or in part and the de ... Moreover, the sentencing ... might occur later and that

6-4-03

Dear Mr Mc. Carthy,

This letter is concerning me recieving a Rule 35. I know we have discussed this matter on different occassions. I had once asked you if the government was interested in my husband your reply was no.

I have reason to believe that the government is interested due to a warrant for him. He is also listed in 10 most wanted with FBI. I can assist them to his whereabouts. If this will be beneficial to me.

I also realized that they did not put out a warrant for him until after our Dec 20, 2002 meeting. Which the substantial assistance I gave them resulted in an indictment. I will appreciate if you can please contact the government to see what can be helpful to me.

Was there any luck with the government pursuing the two

# BROWN PAINDIRIS & SCOTT, LLP

## Attorneys at Law

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY ‡
DAVID S. RINTOUL
J. LAWRENCE PRICE

SIMON J. LEBO
CHRISTINA P. BURNHAM
CATHERINE D. MOLLICA‡

OF COUNSEL
DONALD L. HAMER, P.C. †
THEODORE J. DiLORENZO
KENNETH T. KELLEY *

‡ ALSO ADMITTED IN MA
† ALSO ADMITTED IN DC
* ALSO ADMITTED IN NY and PA

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.bpslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

June 10, 2003

Nancy V. Gifford
Assistant U.S. Attorney
Office of the U.S. Attorney
United States District Court
450 Main Street, Room 328
Hartford, CT  06103

**Re:    U.S. v. Mary Sands**

Dear Attorney Gifford:

Enclosed is a letter from my client, which is self-explanatory.  Please call me at your earliest convenience.

Very truly yours,

Christopher J. McCarthy

CJM/js
Enclosure

cc:  Mary Sands

# BROWN PAINDIRIS & SCOTT LLP
### Attorneys at Law

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY ‡
DAVID S. RINTOUL
J. LAWRENCE PRICE

———

SIMON J. LEBO
CHRISTINA P. BURNHAM
CATHERINE D. MOLLICA§

OF COUNSEL
DONALD L. HAMER, P.C. †
THEODORE J. DiLORENZO
KENNETH T. KELLEY *

———

§ ALSO ADMITTED IN MA
† ALSO ADMITTED IN DC
* ALSO ADMITTED IN NY and PA

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.bpslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

June 12, 2003

**ATTORNEY-CLIENT COMMUNICATION**
**PRIVILEGED AND CONFIDENTIAL**
Mary Sands
Inmate No. 14684014
FCI Tallahassee
501 Capital Circle
Tallahassee, FL 32301

**Re:    U.S. v. Sands**

Dear Ms. Sands:

Enclosed are the copies of your file you requested.

The purpose of your proffer was to obtain arrests of the individuals who injured the victim of your case in New York. The target of the proffer was not Mark Lincoln. I have told you this many times. I will speak with the United States Attorney, but you will not receive a sentence modification if the government doesn't consent and to date they have not. The government has to file the motion, not the defendant. You are not entitled to a sentence reduction under Rule 35. The only way you would get a reduction is with the consent of the government, and in my view, only if they get the New York perpetrators. You think you are entitled to a Rule 35 modification no matter what and that is not the case.

You are serving a lengthy sentence, which I understand is frustrating, but continually calling and writing about this is simply not productive. Dealing with the government takes time. I will continue to follow this. I will see if the government would consent based on an arrest of Mark Lincoln (which I had begun to do before you and your mother called me), but if they don't, I cannot file a Rule 35 motion if the government does not.

Very truly yours,

Christopher J. McCarthy

CJM/js
Enclosures

# BROWN PAINDIRIS & SCOTT LLP

### Attorneys at Law

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY ‡
DAVID S. RINTOUL
J. LAWRENCE PRICE

———

SIMON J. LEBO
CHRISTINA P. BURNHAM
CATHERINE D. MOLLICA‡

———

OF COUNSEL
DONALD L. HAMER, P.C. †
THEODORE J. DiLORENZO
KENNETH T. KELLEY *

———

‡ ALSO ADMITTED IN MA
† ALSO ADMITTED IN DC
* ALSO ADMITTED IN NY and PA

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.bpslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

———

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

———

June 13, 2003

## ATTORNEY-CLIENT COMMUNICATION
## PRIVILEGED AND CONFIDENTIAL

Mary Sands
Inmate No. 14684014
FCI Tallahassee
501 Capital Circle
Tallahassee, FL 32301

**Re:    U.S. v. Sands**

Dear Ms. Sands:

Further to my June 12 letter, I have received the following specific information from the FBI regarding the arrest of Mark Lincoln. He was indicted in South Carolina on information completely independent of anything you provided in your proffer. The FBI in New York apprehended him last week and he was extradited to South Carolina to face those charges in that jurisdiction. None of the information you provided was utilized in South Carolina to support that indictment. Therefore, the government's position is consistent with what I indicated to you on June 12.

The FBI is continuing to investigate the unknown subjects in New York. If and when an arrest is made I will press the government to file a Rule 35 motion.

Finally, Agent Shiner in New Haven indicated that he is in possession of certain gold-plated jewelry, which he would like to turn over to your mother if you wish to obtain this property. Have your mother contact Agent Shiner directly at (203) 503-5000 to arrange the details.

Very truly yours,

Christopher J. McCarthy

CJM/js

June 20, 2003


Attorney Christopher J. Mc Carthy
2252 Main St.
Glastonbury, CT. 06033



Dear Mr. Mc Carthy,
            I am writing this letter in respond to your letter. You stated that the government
did not utilize my statement to get their indictment for Mark Lincoln. In which case they did
use my assistance.
            The charge on my husband was a state case in South Carolina seeking the indiviual
with the alias of Johnson Harper. In which I informed the F.B.I. that my husband Mark Lincoln
uses this name as an alias. I also reported to them that he was wanted in South Carolina for
these pending charges. I stated to them that he was wanted for drugs and guns in which a friend
was picked up at the time of the crime with the name of Philip Anthony or Philip Anderson. I
also stated to them that he probaly had shot someone in South Carolina as well.
            After our meeting on December 20, 2002 the F.B.I. picked up an indictment on my husband
Mark Lincoln for the case that I described to them on the date above. At which time Agent Ryan
requested if a indictment for drugs(crack cocaine, cocaine) that if I assist it would be the
only way of me receiving a Rule 35b in which I have assisted the goverment.
            Foremost under Rule35b it indicates that if the person substantially assists the gove-
rnment to seek an arrest, and that also places you in danger you then have grounds for a sentence
reduction. My husband is considered a dangerous man. In which i jeopardized myself to assist the
government and to also help myself to get home sooner to my children. I have a lengthly sentence
in which I can do it is the children who I am concerned about, their well being. I am still will-
ing to testify and cooperate with the government concerning this matter.
            Enclosing, as proof of assistance I am sending you a copy of the article from South
Carolina seeking an arrest for Johnson Harper for the pending charges. I am also enclosing a
copy of my statement to the F.B.I.. In which they forgot to include me telling them about the
current charges pending for him, but which describes me telling them about the alias that he
uses on Johnson Harper. I also told them that he has a driver license under the alias name in
which Mark Lincoln's photograph will show in the computer. It also shows my description of the
car that he drives under the name of Laverne Harper, and is the same car that they were looking
for in South Carolina. It was also the same car they aressted him in June 9, 2003.
            I would appreciate if you could please address the government with these few things that
I have addressed. I fully cooperated with the government and would appreciate some cooperation
in return. If they do not want to agree to a sentence reduction I will want you to bring this
to the Judge. You were there and know that I assisted the government to the best of my ability
in which lead to and arrest.
                                    Respectfully Submitted,

                                    Mary Sands

# BROWN PAINDIRIS & SCOTT, LLP
## Attorneys at Law

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY ‡
DAVID S. RINTOUL
J. LAWRENCE PRICE

——

SIMON J. LEBO
CHRISTINA P. BURNHAM
CATHERINE D. MOLLICA‡

——

OF COUNSEL
DONALD L. HAMER, P.C. †
THEODORE J. DiLORENZO
KENNETH T. KELLEY *

‡ ALSO ADMITTED IN MA
† ALSO ADMITTED IN DC
* ALSO ADMITTED IN NY and PA

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.bpslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

——

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

——

June 30, 2003

**ATTORNEY-CLIENT COMMUNICATION**
**PRIVILEGED AND CONFIDENTIAL**

Mary Sands
Inmate No. 14684014
FCI Tallahassee
501 Capital Circle
Tallahassee, FL 32301

**Re:   U.S. v. Sands**

Dear Ms. Sands:

I received your June 25, 2003 letter. With your permission, I will forward it to the United States Attorney's Office. It does not appear to contain privileged information and perhaps it would make you feel better if the government heard your position in your own words.

Please just drop me a note if you feel it is okay for me to send the letter on.

Very truly yours,

Christopher J. McCarthy

CJM/js

Attorneys at Law

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY ‡
DAVID S. RINTOUL
J. LAWRENCE PRICE

————

SIMON J. LEBO
CHRISTINA P. BURNHAM
CATHERINE D. MOLLICA‡

————

OF COUNSEL:
DONALD L. HAMER, P.C. †
THEODORE J. DiLORENZO
KENNETH T. KELLEY *

————

‡ ALSO ADMITTED IN MA
† ALSO ADMITTED IN DC
* ALSO ADMITTED IN NY and PA

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.bpslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

————

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

————

July 14, 2003

Nancy V. Gifford
Assistant U.S. Attorney
Office of the U.S. Attorney
United States District Court
450 Main Street, Room 328
Hartford, CT  06103

**Re:   U.S. v. Mary Sands**

Dear Attorney Gifford:

Enclosed is a letter from my client, which is self-explanatory.  A written response from you or one of your colleagues addressing the substance of my client's letter would be appreciated.

Very truly yours,

Christopher J. McCarthy

CJM/js
Enclosure

cc:  Special Agent Stephen J. Shiner, FBI, New Haven (w/encl)
     Mary Sands

August 26, 2003

Ms. Rose Mary Parham

US Attorneys Office

PO Box 1567

Florence, SC 29503

(843) 667-3993

RE: <u>United States of America v. Mark Anthony Lincoln</u>

Dkt:03-CR-751-ALL    Other Dkt:4:02-m-00999

Dear Attorney Parham,

      My name is Mary Sands and I am the wife of Mark Lincoln. I have been trying to assist agents in the District of Connecticut pertaining to the arrest of Mark Lincoln. To my understanding defendant is possibly going to trial. I have information that can be helpful to the prosecution. I also understand that the court has dropped certain charges that he is also guilty of. If there is any way that I can be of assistance please contact me. We may be able to help one another. There is also someone else who is on this case of conspiracy who has not been indicted.

      Sincerely,

*Mary Sands - Lincoln*

Mary Sands-Lincoln

Mary Sands #14684-014

FCI- Tallahassee

501 Capital Circle N.E.

Tallahassee, Florida 32301

# BROWN PAINDIRIS & SCOTT, LLP
## Attorneys at Law

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY ‡
DAVID S. RINTOUL
J. LAWRENCE PRICE

SIMON J. LEBO
GREGORY F. ARCARO
CATHERINE D. MOLLICA ‡
.......

OF COUNSEL
DONALD L. HAMER, P.C. †
THEODORE J. DiLORENZO
KENNETH T. KELLEY *

‡ ALSO ADMITTED IN MA
† ALSO ADMITTED IN NY
* ALSO ADMITTED IN CT & MA

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.bpslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

————

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

September 4, 2003

**ATTORNEY CLIENT COMMUNICATION**
**PRIVILEGED AND CONFIDENTIAL**

Mary Sands
Inmate No. 14684014
FCI Tallahassee
501 Capital Circle
Tallahassee, FL  32301

      **Re:**   **U.S. v. Sands**

Dear Mary:

      Enclosed please find a copy of correspondence I received from U.S. Attorney Apter dated September 2, 2003.  Please let me know your response.

      I look forward to hearing from you.

                   Very truly yours,

                   Christopher J. McCarthy

CJM/dk
Enclosure



U.S. Department of Justice

United States Attorney
District of Connecticut

| Abraham A. Ribicoff Federal Building | (860) 947-1101 |
| 450 Main Street, Room 328 | Fax (860) 240-3291 |
| Hartford, Connecticut 06103 | www.usdoj.gov/usao/ct |

September 2, 2003

Christopher J. McCarthy, Esq.
Brown, Paindiris & Scott, LLP
2252 Main Street
Glastonbury, CT 06033

      **Re: Mary Sands**

Dear Attorney McCarthy:

     In response to your July 14, 2003 letter to AUSA Nancy Gifford, please be advised that the information provided to the FBI by your client, Mary Sands, at the time of her arrest did not contribute to the apprehension, arrest, investigation and/or prosecution of her husband, Mark Lincoln.  I would appreciate it, however, if you would inform me whether Ms. Sands desires to cooperate with law enforcement, and testify at trial against Mr. Lincoln in the criminal prosecution that is presently pending against him in Columbia, South Carolina.

               Very truly yours,

               KEVIN J. O'CONNOR
               UNITED STATES ATTORNEY

               RONALD S. APTER
               SUPERVISORY ASSISTANT
               UNITED STATES ATTORNEY

cc: FBI Special Agent Steven Shiner

# BROWN PAINDIRIS & SCOTT, LLP
## Attorneys at Law

RICHARD S. BROWN
NICHOLAS PAINDIRIS
RONALD F. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY ‡
DAVID S. RINTOUL
J. LAWRENCE PRICE

SIMON J. LEBO
GREGORY P. ARCARO
JENNIFER L. OWENS
KATHLEEN A. AREYSON

OF COUNSEL
DONALD L. HAMER, P.C. †
KENNETH F. KELLEY *

‡ ALSO ADMITTED IN MA
† ALSO ADMITTED IN DC
* ALSO ADMITTED IN MA and PA

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.opslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

February 5, 2004

**ATTORNEY CLIENT COMMUNICATION
PRIVILEGED AND CONFIDENTIAL**

Mary Sands
Inmate No. 14684014
FCI Tallahassee
501 Capital Circle
Tallahassee, FL  32301

      **Re:  U.S. v. Sands**

Dear Mary:

      Enclosed please find a copy of the Order granting the Motion for Enlargement of Time.

              Very truly yours,

              Christopher J. McCarthy

CJM/dk
Enclosure

FILED

2004 APR 15  A 11: 34

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA     :     No. 3:02-153(AHN)

VS.     :

MARY SANDS     :     APRIL 14, 2004

## MOTION FOR ENLARGEMENT OF TIME

The undersigned, on behalf of the defendant Mary Sands, respectfully moves for an enlargement of the ninety (90) days, up to and including July 22, 2004, for the purposes of filing motions on behalf of this defendant under Rule 35 of the Federal Rules of Criminal Procedure. In support hereof, the defendant states:

1.    The defendant was sentenced on January 6, 2003 by the court (Nevas, J.).

2.    The undersigned believes the defendant may be entitled to relief under Rule 35 of the Federal Rules of Criminal Procedure, but said entitlement is not likely to ripen before the expiration of the one (1) year deadline contained in said Rule.

3.    This is the second such request for extension of time. The undersigned has been unable to ascertain the position of the government as to this motion.

FILED

2004 MAY 11  P 2: 25

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

GRANTED

SO ORDERED

5/11/2004

# BROWN PAINDIRIS & SCOTT, LLP
## Attorneys at Law

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY ‡
DAVID S. RINTOUL
J. LAWRENCE PRICE

———

SIMON J. LEBO
GREGORY F. ARCARO
JENNIFER L. OWENS
KATHLEEN A. AKEYSON

———

OF COUNSEL
DONALD L. HAMER, P.C. †
KENNETH T. KELLEY *

———

‡ ALSO ADMITTED IN MA
† ALSO ADMITTED IN DC
* ALSO ADMITTED IN NY and PA

———

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.bpslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

———

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044


April 15, 2004

**ATTORNEY CLIENT COMMUNICATION**
**PRIVILEGED AND CONFIDENTIAL**

Mary Sands
Inmate No. 14684014
FCI Tallahassee
501 Capital Circle
Tallahassee, FL  32301

  **Re: U.S. v. Sands**

Dear Mary:

  What, if anything, have you done to assist the government in Mr. Lincoln's case?  Please send me a list.

      Very truly yours,

      Christopher J. McCarthy

CJM/dk

# BROWN PAINDIRIS & SCOTT, LLP
## Attorneys at Law

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY ‡
DAVID S. RINTOUL
J. LAWRENCE PRICE

SIMON J. LEBO
GREGORY F. ARCARO
JENNIFER L. OWENS
KATHLEEN A. AKEYSON

OF COUNSEL
DONALD L. HAMER, P.C. †
KENNETH T. KELLEY *

‡ ALSO ADMITTED IN MA
† ALSO ADMITTED IN DC
* ALSO ADMITTED IN NY and PA

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.bpslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

April 29, 2004

## ATTORNEY CLIENT COMMUNICATION
## PRIVILEGED AND CONFIDENTIAL

Mary Sands
Inmate No. 14684014
FCI Tallahassee
501 Capital Circle
Tallahassee, FL 32301

   **Re:** **U.S. v. Sands**

Dear Mary:

   Enclosed is a memorandum I received from the government on April 28, 2004. This is the first notice I have received that you are claiming my representation of you was "ineffective." I am very disappointed that you are taking this position, and I am disheartened that you did not even offer me the courtesy of prior notice.

   In light of your claims, I will be taking no further action on your behalf in this case.

       Very truly yours,

       Christopher J. McCarthy

CJM/dk
Enclosure

# BROWN PAINDIRIS & SCOTT, LLP

### Attorneys at Law

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY ‡
DAVID S. RINTOUL
J. LAWRENCE PRICE

SIMON J. LEBO
GREGORY F. ARCARO
JENNIFER L. OWENS
KATHLEEN A. AKEYSON

OF COUNSEL
DONALD L. HAMER, P.C. ⁺
KENNETH T. KELLEY *

‡ ALSO ADMITTED IN MA
⁺ ALSO ADMITTED IN DC
* ALSO ADMITTED IN NY and PA

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.bpslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

May 25, 2004

**LEGAL MAIL**

Mary Sands
Inmate No. 14684014
FCI Tallahassee
501 Capital Circle
Tallahassee, FL 32301

   **Re: U.S. v. Sands**

Dear Mary:

   Enclosed is the most recent court order. As I indicated previously, in light of your allegations of ineffective assistance of counsel against me, I am taking no further action on your behalf, including filing no further motions for enlargement of time.

   Please be governed accordingly.

      Very truly yours,

      Christopher J. McCarthy

CJM/dk
Enclosure